UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES EUGENE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **2:19-cv-1384-AKK-GMB** |
| **MS. WALTON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

On October 28, 2019, Plaintiff Charles Eugene Moore was ordered to pay an initial partial filing fee of $11.50 to commence this action. Doc. 8. Moore also was instructed to sign the enclosed Prisoner Consent Form and return it to the Clerk of the Court with a check in the amount of the initial partial filing fee, made payable to the "Clerk, United States District Court," within 30 days. Doc. 8. Moore was notified that his failure to pay the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) would result in the dismissal of his complaint without further notice. Doc. 8.

When Moore failed to comply with that order, the court entered a report and recommendation that this action be dismissed due to his failure to prosecute. Doc. 9. Based on Moore's objections to the report and recommendation, the court allowed Moore additional time to comply and warned him that his failure to pay the initial

partial filing fee and return his Prisoner Consent Form within the time provided would result in dismissal of this action. Doc. 13. Moore returned his Prisoner Consent Form, *see* doc. 14, but failed to pay the initial partial filing fee.

Because of Moore's partial compliance with the order of January 6, 2020, he was allowed one final opportunity to pay his initial partial filing fee within 14 days. Doc. 16. More than 14 days have elapsed, and once again, Moore has failed to comply with this court's order. Accordingly, the court **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

For information regarding the cost of appeal, see the attached notice.

**DONE** the 6th day of March, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

In Replying Give Number
of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

David J. Smith  
Clerk of Court

PLRA Notice